198TASSA

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x
3   ASSURED GUARANTY MUNICIPAL
    CORP. f/k/a Financial Security
4   Assurance, Inc.,
5                Plaintiff,
6           v.                              11 CV 2375 (RPP)
7   FLAGSTAR BANK, FSB, et al.,
8                Defendants.
9   ------------------------------x
                                             New York, N.Y.
10                                           September 8, 2011
                                             5:10 p.m.
11
    Before:
12
                    HON. JED S. RAKOFF,
13
                                             District Judge
14
                         APPEARANCES
15
    SUSSMAN GODFREY LLP
16       Attorneys for Plaintiff
    BY:  JACOB W. BUCHDAHL
17       THANE REHN
18  ARNOLD & PORTER LLP
         Attorneys for Defendants
19  BY:  VERONICA E. RENDON
         DANIEL M. KUHN
20
21
22
23
24
25

198TASSA

1              (In open court, case called)
2              MR. BUCHDAHL:  For plaintiff, Assured Guaranty, Jacob
3     Buchdahl and Thane Rehn from Susman Godfrey.  Good afternoon.
4              THE COURT:  Good afternoon.
5              MS. RENDON:  And for the defendants, Veronica Rendon
6     and my colleague, Daniel Kuhn.
7              THE COURT:  Good afternoon.
8              I assume both sides got the memorandum I issued
9     earlier today.
10             MR. BUCHDAHL:  We did, your Honor.
11             MS. RENDON:  We did, your Honor.
12             THE COURT:  So we're here on the motion in limine
13    regarding the use of sampling.  Let me throw out my initial
14    thoughts.  This is not a ruling at all, just where my head is
15    at, so to speak, at the moment, but it will show you what you
16    need to shoot at, so to speak.
17             I do think this is an appropriate case for the use of
18    statistical sampling, but certainly I'm not prepared to sign
19    off on it until I see the methodology that the expert uses.  So
20    I think it would be perfectly appropriate for the plaintiffs to
21    go ahead and hire an expert and do some sampling, but in the
22    end I may find that the methodology is flawed or that it's
23    inadmissible for some other reason.  So that's my initial
24    thoughts.
25             Let me hear from defense counsel first and then I'll

198TASSA

1   hear from plaintiff's counsel.

2           MS. RENDON:  Your Honor, I'll keep it relatively
3   brief, because I think what you just touched on is exactly our
4   primary issue with the motion that's being submitted at this
5   point.  In other words, it's premature and impossible to
6   properly consider as a result of the failure for there to be a
7   methodology that has been proposed at this point in time that
8   can be meaningfully considered or ruled upon.

9           And basically at this point the motion in limine that
10  is being made or that is being styled as a motion in limine is
11  effectively reading like an opposition to a Daubert motion that
12  we never filed because it would be impossible for to us have
13  filed at this point because fact discovery hasn't even
14  concluded, much less expert discovery, and expert reports
15  haven't been submitted that we can meaningfully sink our teeth
16  into.

17          THE COURT:  So the sensible thing you're saying -- and
18  plaintiffs may agree with this -- is, as with any expert, you
19  take your chances, and if in the end I find that the
20  methodology is flawed or there is some other problem, that will
21  be too bad for their expert.  But on the other hand, the most
22  I'm prepared to say right now is that I don't see anything in
23  the nature of this case that would inherently make it
24  inappropriate for a statistical sampling, given the allegations
25  in the complaint.

1           So as I pointed out the memorandum that you got
2    today -- the main reason you got it today is I'm very glad we
3    had this conference because it forced me to get to work on your
4    case.  But as I read the complaint, there are many
5    commonalities to the various mortgages and loans involved here.
6    Of course, that may prove not to be the case, I don't know, I'm
7    just going from the allegations.  But assuming for the sake of
8    argument that is the case, then statistical sampling would, in
9    theory, be a perfectly appropriate way to proceed.
10          So let me hear from plaintiff's counsel if you have
11   any concerns.
12          MR. BUCHDAHL:  Your Honor, based on the text of the
13   order that we read this morning and what you have said today, I
14   think we have heard all that we need to hear.  But to be clear,
15   the defendant's opposition to the use of sampling was never
16   based on methodology, or at least it wasn't primarily based on
17   methodology, the defendant's opposition was based on the fact
18   that sampling was unnecessary because this case would only be
19   about 264 loans.  I think your opinion that we read this
20   morning makes it clear that is not the case.
21          Second, the defendants took the position, and have
22   consistently, that there is something incompatible between the
23   use of sampling and the repurchase remedy.  And I think the
24   opinion today also made clear that is not the case, because one
25   could calculate a remedy or damages --

1            THE COURT:  Well, you're right with a very important
2    caveat, that my opinion is premised solely on the allegations
3    in the complaint.
4            MR. BUCHDAHL:  Absolutely.  And your Honor, we
5    understand we retain the burden to prove every element of our
6    claims, and we intend to do so, but the reason we filed the
7    motion that we did is because of some of the issues that had
8    been brought up by the defendant.
9            THE COURT:  As I said, it had a collateral positive
10   effect anyway.
11           MR. BUCHDAHL:  For purposes of our motion, we could do
12   whatever the Court wants.  If you want us to simply withdraw
13   it --
14           THE COURT:  I think the motion should be withdrawn as
15   in effect moot at this stage, and we'll take it if and when you
16   file an expert report.  And if and when they move to strike
17   your expert report or otherwise limit it, that will be the
18   proper time, we'll have a Daubert hearing or whatever, and
19   they, of course, at that point can say based on discovery it's
20   not at all what the plaintiffs said in their complaint and it
21   doesn't lend itself to a statistical sampling.  That would
22   really in effect be a logical objection as well.
23           So you could put whatever label you want on it, I'm
24   just saying defense is not precluded from reraising that
25   argument against a different factual record than we have before

198TASSA

1   the Court right now.  But why don't we just view the motion as
2   withdrawn as moot without prejudice.
3           MS. RENDON:  And your Honor, just to be clear -- and I
4   think you just said that, but I want to be clear on the record
5   that in what we have just heard on the record it would not be
6   inconsistent for defendants to raise an objection at some later
7   point in time when a motion in limine for a sampling or an
8   objection to sampling is made that it is in fact inconsistent
9   with other provisions in the contracts based upon what's
10  developed during factual discovery.
11          THE COURT:  Yeah, I mean the only thing I want to flag
12  for you is, at least based on what is in the complaint, this
13  looks to me like a case where statistical sampling would not a
14  priori be precluded, but all I know is what's in the complaint.
15  So you're not being ruled against in any way, shape or form.
16          MS. RENDON:  Thank you, your Honor.
17          THE COURT:  Very good.  Thanks so much.
18                              o0o
19
20
21
22
23
24
25