# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASSURED GUARANTY MUNICIPAL CORP.,
f/k/a FINANCIAL SECURITY ASSURANCE
INC.,

                                    Plaintiff,                    11-CIV-2375 (JSR)

                  vs.

FLAGSTAR BANK, FSB; FLAGSTAR
CAPITAL MARKETS CORPORATION; and
FLAGSTAR ABS, LLC,

                                    Defendants.

---

## ANSWER OF DEFENDANTS FLAGSTAR BANK, FSB; FLAGSTAR CAPITAL MARKETS CORPORATION; AND FLAGSTAR ABS, LLC

Defendants Flagstar Bank, FSB; Flagstar Capital Markets Corporation; and Flagstar

ABS, LLC (collectively, "Flagstar"), by and through their attorneys, answer the First Amended

Complaint filed by Assured Guaranty Municipal Corp., f/k/a Financial Security Assurance Inc.

("Plaintiff"), dated August 18, 2011 ("First Amended Complaint"), as follows. Any allegation

not specifically admitted is denied, including without limitation all allegations about which

Flagstar lacks knowledge or information sufficient to form a belief as to their truth or falsity.

### Nature of Action

1.    Flagstar denies the allegations contained in ¶ 1 of the First Amended Complaint,

including that any basis exists for the claims, except Flagstar admits that Plaintiff has purported

to allege the claims described therein.  Additionally, pursuant to the Court's Order dated July 7,

2011, which granted Flagstar's Motion to Dismiss as to Claims 3 and 4 of the Complaint for

reimbursement and indemnification, there is no obligation to answer Claims 3 and 4 of the First

1

Amended Complaint, which contain identical allegations to those dismissed by the Court in its July 7, 2011 Order.

2.      Flagstar denies the allegations contained in ¶ 2 of the First Amended Complaint except denies having knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding its status as a "leading provider."  Flagstar admits that Plaintiff, in consideration of premiums paid, agreed to provide financial guaranty insurance in connection with the 2005-1 and 2006-2 securitization transactions (the "Transactions") and respectfully refers the Court to the policies issued by Plaintiff in connection with the 2005-1 and 2006-2 securitization transactions (the "Policies"), cited in ¶ 2, for a complete and accurate statement of their contents.

3.      Flagstar denies the allegations contained in ¶ 3 of the First Amended Complaint, except Flagstar admits that it made certain representations and warranties in the 2005-1 and 2006-2 securitization documents (collectively, the "Transaction Documents") and respectfully refers the Court to the Transaction Documents for a complete and accurate statement of their contents.

4.      Flagstar denies the allegations contained in ¶ 4 of the First Amended Complaint, except Flagstar admits Plaintiff has made payments pursuant to the Policies.

5.      Flagstar denies the allegations contained in ¶ 5 of the First Amended Complaint, except Flagstar admits that the Transaction Documents contain provisions that provide a sole remedy for breaches of representations and warranties and such provisions are binding upon Plaintiff.

6.      Flagstar denies the allegations contained in ¶ 6 of the First Amended Complaint and respectfully refers the Court to the 2005-1 Insurance and Indemnity Agreement ("2005-1 I&I") for a complete and accurate statement of its contents.

7.      Flagstar denies having knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in ¶ 7 of the First Amended Complaint, except that Flagstar denies that claims paid by Plaintiff can be claimed as damages in this action.

8.      Flagstar denies the allegations contained in ¶ 8 of the First Amended Complaint, and further denies that claims paid by Plaintiff can be claimed as damages in this action.

9.      Pursuant to the Court's Order dated July 7, 2011, which granted Flagstar's Motion to Dismiss as to Claims 3 and 4 of the Complaint, Plaintiff's claims for reimbursement and indemnity are dismissed and no answer to the allegations contained in ¶ 9 of the First Amended Complaint is required.  To the extent an answer is required, Flagstar denies the allegations contained in ¶ 9 of the First Amended Complaint.

### The Parties

10.     Flagstar admits the allegations contained in ¶ 10 of the First Amended Complaint.

11.     Flagstar admits the allegations contained in ¶ 11 of the First Amended Complaint.

12.     Flagstar admits the allegations contained in ¶ 12 of the First Amended Complaint.

13.     Flagstar admits the allegations contained in ¶ 13 of the First Amended Complaint.

3

## Jurisdiction and Venue

14.     Flagstar admits the allegations contained in ¶ 14 of the First Amended Complaint.

15.     Flagstar admits the allegations contained in ¶ 15 of the First Amended Complaint.

## Factual Allegations

16.     Flagstar denies the allegations contained in ¶ 16 of the First Amended Complaint,
except Flagstar admits that, in its Policies, Plaintiff guaranteed certain payments of principal and
interest on the securities.

**Flagstar Home Equity Loan Trust 2005-1**

17.     Flagstar denies the allegations contained in ¶ 17 of the First Amended Complaint,
except Flagstar admits in late 2005 Flagstar Bank sponsored approximately $600 million in
securities backed by home equity loans it had originated or purchased.

**2005-1 Mortgage Loan Purchase Agreement**

18.     Flagstar admits the allegations contained in ¶ 18 of the First Amended Complaint.

19.     Flagstar denies the allegations contained in ¶ 19 of the First Amended Complaint,
except Flagstar admits it made certain representations and warranties as set forth in the
Transaction Documents, to which Flagstar respectfully refers the Court for an a complete and
accurate statement of Flagstar's representations.

20.     Flagstar denies the allegations contained in ¶ 20 of the First Amended Complaint,
except Flagstar admits it made certain representations as set forth in the Transaction Documents,
to which Flagstar respectfully refers the Court for an a complete and accurate statement of their
contents, including the 2005 I&I.

21.     Flagstar denies the allegations contained in ¶ 21 of the First Amended Complaint,
except Flagstar admits it was the sponsor, servicer, depositor, and originator of the loans
underlying the Transactions, and Flagstar admits it made certain representations set forth in the

4

Transaction Documents, to which Flagstar respectfully refers the Court for an a complete and accurate statement of Flagstar's representations.

22.     Flagstar denies the allegations contained in ¶ 22 of the First Amended Complaint, except Flagstar admits it originated and underwrote loans underlying the Transactions, and, for a time, acted as servicer of the loans.

23.     Flagstar denies the allegations contained in ¶ 23 of the First Amended Complaint, except Flagstar admits that both Plaintiff and Flagstar are bound by the 2005-1 Purchase Agreement ("2005-1 MLPA") § 3.02(c), to which Flagstar respectfully refers the Court for a complete and accurate statement of its contents.

24.     Flagstar denies the allegations contained in ¶ 24 of the First Amended Complaint, including that Flagstar has refused to comply with its cure-or-repurchase remedy.  Flagstar has no obligation to repurchase charged-off loans, the only loans on which repurchase was sought, and even if it did, Flagstar provided voluminous information to Plaintiff in response to its repurchase request, which Flagstar believes cured any purported breaches claimed by Plaintiff. Plaintiff has never acknowledged the information provided by Flagstar.

25.     Flagstar admits the allegations contained in ¶ 25 of the First Amended Complaint.

**2005-1 Sale and Servicing Agreement**

26.     Flagstar admits the allegations contained in ¶ 26 of the First Amended Complaint.

27.     Flagstar denies the allegations contained in ¶ 27 of the First Amended Complaint, except Flagstar admits it repeated and incorporated certain of the representations and warranties listed in the 2005-1 MLPA and in the 2005-1 Sale and Servicing Agreement ("2005-1 SSA") § 2.04(a), and respectfully refers the Court to these documents for a complete and accurate statement of their contents.

28.     Flagstar denies the allegations contained in ¶ 28 of the First Amended Complaint, and respectfully refers the Court to 2005-1 SSA § 2.04(b) for a complete and accurate statement of its contents.

29.     Flagstar denies the allegations contained in ¶ 29 of the First Amended Complaint, except Flagstar admits that both Plaintiff and Flagstar are bound by the sole remedy provisions of the 2005-1 MLPA and 2005-1 SSA, including 2005-1 SSA § 2.04(e).  Flagstar further respectfully refers the Court to 2005-1 SSA §§ 2.04(d), 2.02(b), and Annex 1 for the complete and accurate statement of their contents.

**2005-1 Insurance and Indemnity Agreement**

30.     Flagstar admits the allegations contained in ¶ 30 of the First Amended Complaint.

31.     Flagstar admits the allegations contained in ¶ 31 of the First Amended Complaint.

32.     Flagstar admits that, other than Plaintiff's alteration, 2005-1 I&I § 2.01(k) contains the text set forth in ¶ 32 of the First Amended Complaint.

33.     Flagstar denies the allegations contained in ¶ 33 of the First Amended Complaint to the extent they purport to set forth the entirety of, or otherwise characterize, 2005-1 Insurance and Indemnity Agreement ("2005-1 I&I") § 2.03(h), and respectfully refers the Court to the 2005-1 I&I  for a complete and accurate statement of the contents of § 2.03(h).

34.     Flagstar denies the allegations contained in ¶ 34 of the First Amended Complaint, except Flagstar admits that 2005-1 I&I § 2.01 contains certain representations and warranties made by Flagstar and respectfully refers the Court to 2005-1 I&I § 2.01 for a complete and accurate statement of the representations and warranties contained therein.

35.     Flagstar denies the allegations contained in ¶ 35 of the First Amended Complaint,
and respectfully refers the Court to the 2005-1 I&I for a complete and accurate statement of the
contents of § 5.01.

36.     Flagstar denies the allegations contained in ¶ 36 of the First Amended Complaint,
and respectfully refers the Court to the 2005-1 I&I for a complete and accurate statement of the
contents of §§ 5.02(a)(i) and (ii).

37.     Pursuant to the Court's Order dated July 7, 2011, Plaintiff's indemnification claim
is dismissed and no answer to the allegations contained in ¶ 37 of the First Amended Complaint
is required.  To the extent an answer is required, Flagstar denies the allegations contained in ¶ 37.

38.     Pursuant to the Court's Order dated July 7, 2011, Plaintiff's available remedies
for alleged breaches of representations and warranties are limited to those related to enforcing
the "cure or repurchase" obligations set forth in the Transaction Documents and no answer to the
allegations contained in ¶ 38 of the First Amended Complaint is required.  To the extent an
answer is required, Flagstar denies the allegations contained in ¶ 38 and respectfully refers the
Court to the 2005-1 I&I, the 2005-1 MLPA and the 2005-1 SSA for a complete and accurate
statement of their contents.  Flagstar further denies that it has willfully breached or refused to
comply with its cure-or-repurchase remedy.  Flagstar has no obligation to repurchase charged-off
loans, the only loans on which repurchase was sought, and even if it did, Flagstar provided
voluminous information to Plaintiff in response to its repurchase request, which Flagstar believes
cured any purported breaches claimed by Plaintiff.  Plaintiff has never acknowledged the
information provided by Flagstar.

**Flagstar Home Equity Loan Trust 2006-2**

39.     Flagstar denies that it has breached "numerous representations and warranties"

contained in the Transaction Documents for the Flagstar Home Equity Loan Trust 2006-2.

Flagstar otherwise admits the allegations contained in ¶ 39 of the First Amended Complaint.

40.     Flagstar denies the allegations contained in ¶ 40 of the First Amended Complaint.

41.     Flagstar denies the allegations contained in ¶ 41 of the First Amended Complaint

except that Flagstar admits that Plaintiff declared a Rapid Amortization Event and Flagstar

admits that Plaintiff requested and received from Flagstar loan files for charged-off loans,

notwithstanding Flagstar is not obligated under the Transaction Documents to repurchase such

loans.

42.     Flagstar denies the allegations contained in ¶ 42 of the First Amended Complaint.

43.     Flagstar denies having knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in ¶ 43 of the First Amended Complaint.

44.     Flagstar denies the allegations contained in ¶ 44 of the First Amended Complaint,

except Flagstar admits that it represented and warranted in 2005-1 MLPA § 3.02(a)(65):  "No

error, omission, misrepresentation, negligence, fraud or similar occurrence with respect to a

Mortgage Loan has taken place on the part of any person, including, without limitation, the

Mortgagor, any appraiser, any builder or developer, or any other party involved in the origination

of the Mortgage Loan or in the application of any insurance in relation to such Mortgage Loan."

45.     Flagstar denies the allegations contained in ¶ 45 of the First Amended Complaint,

except Flagstar admits that it represented and warranted in 2005-1 MLPA § 3.02(a)(35):  "There

is no default, breach, violation or event of acceleration existing under the Mortgage or the related

Credit Line Agreement and no event which, with the passage of time or with notice and the

expiration of any grace or cure period, would constitute a default, breach, violation or event of

acceleration; and the Seller has not waived any default, breach, violation or event of

acceleration."

46.     Flagstar denies the allegations contained in ¶ 46 of the First Amended Complaint.

47.     Flagstar denies having knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in ¶ 47 of the First Amended Complaint.

48.     Flagstar denies the allegations contained in ¶ 48 of the First Amended Complaint.

49.     Flagstar denies the allegations contained in ¶ 49 of the First Amended Complaint.

50.     Flagstar denies the allegations contained in ¶ 50 of the First Amended Complaint,

except that Flagstar admits that it made the representation and warranty that "[e]ach Mortgage

Loan was originated in good faith and in accordance with the Seller's underwriting guidelines,"

as set forth in 2005-1 MLPA § 3.02(a)(36), and also made the representations and warranties set

forth in 2005-1 MLPA § 3.02(a)(35) and (65).

51.     Flagstar denies the allegations contained in ¶ 51 of the First Amended Complaint.

52.     Flagstar denies the allegations contained in ¶ 52 of the First Amended Complaint.

53.     Flagstar denies the allegations contained in ¶ 53 of the First Amended Complaint,

and respectfully refers the Court to the 2005-1 MLPA for a complete and accurate statement of

its contents.

54.     Flagstar denies the allegations contained in ¶ 54 of the First Amended Complaint.

55.     Flagstar denies the allegations contained in ¶ 55 of the First Amended Complaint,

except Flagstar admits that it made the representation and warranty set forth in 2005-1 MLPA

§ 3.02(a)(13), which states in full: "The Mortgage File for each Mortgage Loan contains each of

the documents specified to be included in it."

56.     Flagstar denies the allegations contained in ¶ 56 of the First Amended Complaint.

57.     Flagstar denies the allegations contained in ¶ 57 of the First Amended Complaint, except Flagstar admits Plaintiff and Flagstar engaged in correspondence, in January 2009 and July 2010.

58.     Flagstar denies the allegations contained in ¶ 58 of the First Amended Complaint, except Flagstar admits that it responded to Plaintiff's repurchase demands made in 2009 for the 2005-1 and 2006-2 securitization transactions, and the repurchase demands made in 2010 for the 2006-2 securitization transaction, and either cured the alleged breaches or demonstrated that Plaintiff's allegations of breach were false and inaccurate.  Flagstar further admits that none of the loans for which Plaintiff alleged breaches in its demands have been re-transferred to Flagstar under the process set forth in the Transaction Documents applicable to each securitization transaction, and further admits no retransfer can occur as Flagstar is not obligated to cure or repurchase charged-off loans, the only loan population on which repurchase demands were made.

59.     Flagstar denies the allegations contained in ¶ 59 of the First Amended Complaint.

60.     Flagstar admits the allegations contained in ¶ 60 of the First Amended Complaint.

61.     Flagstar denies the allegations contained in ¶ 61 of the First Amended Complaint.

62.     Flagstar denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶ 62 of the First Amended Complaint.

63.     Flagstar denies the allegations contained in ¶ 63 of the First Amended Complaint.

64.     Flagstar denies the allegations contained in ¶ 64 of the First Amended Complaint.

65.     Flagstar denies the allegations contained in ¶ 65 of the First Amended Complaint.

<u>Causes of Action</u>

**Claim 1:  Breach of Contract Against Flagstar Bank, FSB and Flagstar ABS, LLC**

66.     Flagstar incorporates by reference its Answers to ¶ 1 through ¶ 65 of the First

Amended Complaint as if set forth fully herein.

67.     Flagstar admits the allegations contained in ¶ 67 of the First Amended Complaint,

except the allegation that the 2005-1 I&I is a valid contract among Plaintiff, Flagstar Bank, FSB,

and Flagstar ABS, LLC, which is a legal conclusion to which no response is required.

68.     Flagstar denies the allegation contained in ¶ 68 of the First Amended Complaint.

69.     Flagstar denies the allegations contained in ¶ 69 of the First Amended Complaint.

Flagstar further answers that, pursuant to the Court's Order dated July 7, 2011, Plaintiff's

reimbursement and indemnification claims are dismissed and no answer to the allegations in ¶ 69

that Flagstar breached the cited reimbursement and indemnification provisions is required.  To

the extent a response is required, the allegations are denied.

70.     Flagstar denies the allegations contained in ¶ 70 of the First Amended Complaint,

including that Plaintiff may claim as damages amounts it has paid out under its Insurance

Policies.  Among other things, pursuant to the Court's Order dated July 7, 2011, Plaintiff is

restricted to the sole remedy of cure or repurchase of any purportedly defective loan, and may

not seek claims paid as a remedy.

**Claim 2:  Breach of Contract Against Flagstar Bank, FSB, Flagstar Capital Markets
Corporation, and Flagstar ABS, LLC**

71.     Flagstar incorporates by reference its Answers to ¶ 1 through ¶ 70 of the First

Amended Complaint as if set forth fully herein.

11

72.     Flagstar admits the allegations contained in ¶ 72 of the First Amended Complaint,

except the allegation that the 2006-2 I&I is a valid contract among Plaintiff, Flagstar Bank, FSB,

and Flagstar ABS, LLC, which is a legal conclusion to which no response is required.

73.     Flagstar denies the allegation contained in ¶ 73 of the First Amended Complaint.

74.     Flagstar denies the allegations contained in ¶ 74 of the First Amended Complaint.

Flagstar further answers that, pursuant to the Court's Order dated July 7, 2011, Plaintiff's

reimbursement and indemnification claims are dismissed and no answer to the allegations in ¶ 74

that Flagstar breached the cited indemnification provision is required.  To the extent a response is

required, the allegations are denied.

75.     Flagstar denies the allegations contained in ¶ 75 of the First Amended Complaint,

including that Plaintiff may claim as damages amounts it has paid out under its Insurance

Policies.  Among other things, pursuant to the Court's Order dated July 7, 2011, Plaintiff is

restricted to the sole remedy of cure or repurchase of any purportedly defective loan, and may

not seek claims paid as a remedy.

**Claim 3:  Reimbursement and Indemnification Against Flagstar Bank, FSB and Flagstar**
**ABS, LLC**

76.     Flagstar incorporates by reference its Answers to ¶ 1 through ¶ 75 of the First

Amended Complaint as if set forth fully herein.

77.     Pursuant to the Court's Order dated July 7, 2011, which granted Flagstar's Motion

to Dismiss as to Claims 3 and 4 of the Complaint for reimbursement and indemnification, there

is no obligation to answer ¶ 77 of the First Amended Complaint, which contains identical

allegations to those dismissed by the Court in its July 7, 2011 Order.  To the extent a response is

required, the allegations are denied.

12

78.     Pursuant to the Court's Order dated July 7, 2011, which granted Flagstar's Motion to Dismiss as to Claims 3 and 4 of the Complaint for reimbursement and indemnification, there is no obligation to answer ¶ 78 of the First Amended Complaint, which contains identical allegations to those dismissed by the Court in its July 7, 2011 Order.  To the extent a response is required, the allegations are denied.

### Claim 4:  Reimbursement and Indemnification Against Flagstar Bank, FSB, Flagstar Capital Markets Corporation, and Flagstar ABS, LLC

79.     Flagstar incorporates by reference its Answers to ¶ 1 through ¶ 79 of the First Amended Complaint as if set forth fully herein.

80.     Pursuant to the Court's Order dated July 7, 2011, which granted Flagstar's Motion to Dismiss as to Claims 3 and 4 of the Complaint for reimbursement and indemnification, there is no obligation to answer ¶ 80 of the First Amended Complaint, which contains identical allegations to those dismissed by the Court in its July 7, 2011 Order.  To the extent a response is required, the allegations are denied.

81.     Pursuant to the Court's Order dated July 7, 2011, which granted Flagstar's Motion to Dismiss as to Claims 3 and 4 of the Complaint for reimbursement and indemnification, there is no obligation to answer ¶ 81 of the First Amended Complaint, which contains identical allegations to those dismissed by the Court in its July 7, 2011 Order.  To the extent a response is required, the allegations are denied.

### Claim 5:  Breach of Contract Against Flagstar Bank, FSB

82.     Flagstar incorporates by reference its Answers to ¶ 1 through ¶ 81 of the First Amended Complaint as if set forth fully herein.

83.     Flagstar denies the allegations contained in ¶ 83 of the First Amended Complaint, except the allegation that the 2005-1 SSA is a valid contract, which is a legal conclusion to which no response is required; to the extent a response is required, the allegation is admitted.

84.     Flagstar denies the allegations contained in ¶ 84 of the First Amended Complaint.

85.     Flagstar denies the allegations contained in ¶ 85 of the First Amended Complaint, and respectfully refers the Court to the 2005-1 SSA for a complete and accurate statement of its contents.

86.     Flagstar denies the allegations contained in ¶ 86 of the First Amended Complaint.

87.     Flagstar denies the allegations contained in ¶ 87 of the First Amended Complaint.

88.     Flagstar denies the allegations contained in ¶ 88 of the First Amended Complaint.

**Claim 6: Breach of Contract Against Flagstar Bank, FSB**

89.     Flagstar incorporates by reference its Answers to ¶ 1 through ¶ 88 of the First Amended Complaint as if set forth fully herein.

90.     Flagstar denies the allegations contained in ¶ 90 of the First Amended Complaint, except the allegation that the 2006-2 SSA is a valid contract, which is a legal conclusion to which no response is required.

91.     Flagstar denies the allegations contained in ¶ 91 of the First Amended Complaint.

92.     Flagstar denies the allegations contained in ¶ 92 of the First Amended Complaint, and respectfully refers the Court to the 2006-2 SSA for a complete and accurate statement of its contents.

93.     Flagstar denies the allegations contained in ¶ 93 of the First Amended Complaint.

94.     Flagstar denies the allegations contained in ¶ 94 of the First Amended Complaint.

95.     Flagstar denies the allegations contained in ¶ 95 of the First Amended Complaint.

**Prayer for Relief**

96.     Flagstar denies Plaintiff's prayer for relief in its entirety.  Flagstar further

responds that, pursuant to the Court's Order dated July 7, 2011, Plaintiff's claims for

reimbursement and indemnification are dismissed as are any claims for damages or prayer for

relief associated with those claims, including without limitation, ¶ 96(d) and ¶ 96(e).  Further,

pursuant to the Court's Order dated July 7, 2011, Plaintiff is restricted to the sole remedy of cure

or repurchase of any purportedly defective loan, and may not seek claims paid as a remedy.

Plaintiff's remedies for alleged breaches of representations and warranties are limited to those

related to enforcing the cure or repurchase obligations set forth in the Transaction Documents.

97.     Any allegations or characterizations purportedly made by the headings in the First

Amended Complaint are denied.

98.     All other allegations contained in the First Amended Complaint are denied.

## DEFENSES

        Flagstar sets forth the following affirmative and other defenses.  Flagstar does not

intend hereby to assume the burden of proof with respect to those matters as to which, pursuant

to law, Plaintiff bears the burden.  Flagstar reserves its right to assert in the future such other and

further defenses as may become available or apparent during pretrial proceedings.

### FIRST DEFENSE

(Failure to State a Claim)

99.     The Complaint fails to state a claim against Flagstar upon which relief may be

granted.  Plaintiff has failed to allege material and ongoing breach, causation or damages.

100.    Among other things, Plaintiff has only reviewed and sought repurchase of certain

loans in the charged-off loan population, and has made no allegations that Flagstar has failed to

15

cure or repurchase any non-charged-off loans.  Consequently, Plaintiff has failed to state a claim

that Flagstar has breached its cure or repurchase obligations under the Transaction Documents as

to the non-charged-off loan population.

101.    Moreover, Plaintiff will not be able to demonstrate material and continuing

breaches in the non-charged off loan population — the evidentiary showing that Plaintiff must

meet in order to establish a claim.  Among other things, while Plaintiff fails to mention

performance statistics in its Complaint, well over half of the loan population in the two Trusts

have paid-in-full, and the vast majority of the remaining loans are presently performing over five

years after the first securitization.  Contrary to Plaintiff's characterizations of egregious breaches

of representations and warranties, in reality, the two Trusts have performed relatively well after a

significant period of time, despite a deep recession that has affected all corners of the economy,

caused historic levels of unemployment and otherwise rocked the housing industry.  For these

reasons, among others, Plaintiff will also not be able to demonstrate causation or damages.

102.    Additionally, among other things, Plaintiff has failed to allege material and

ongoing breach or the existence of damages as to the charged-off loan population.  Most

evidently, Flagstar has no repurchase obligation as to charged-off loans under the plain language

of the Transaction Documents.

103.    Moreover, among other things, as early as 2008, Plaintiff requested and received

loan files for charged-off loans from Flagstar, the only population of loans reviewed by Plaintiff

for repurchase claims prior to the filing of this litigation.  Plaintiff subsequently demanded

repurchase of some of the charged-off loans based upon purported breaches of representations

and warranties.  Notwithstanding that Plaintiff is not entitled to the cure or repurchase remedy

for charged-off loans, as a matter of professional courtesy, Flagstar replied to Plaintiff's demands

16

with voluminous information and documents which either cured or otherwise rebutted Plaintiff's

claims of breach. After its submissions, Flagstar never heard back from Plaintiff, nor did it

receive notification of continuing, material breaches; it did not receive a Notice of Event of

Default; it did not get a notice of retransfer of defective loans; nor did it receive notice of a

calculated Transfer Deficiency and Transfer Deposit Amount from the Indenture Trustee, as

required under the Transaction Documents. For these and other reasons, Plaintiff has failed to

state a claim against Flagstar as to the charged-off loan population.

104.    Also, Plaintiff will not be able to demonstrate a failure in Flagstar's servicing, and

Plaintiff's allegations in that regard are, at best, speculative and without foundation.

### SECOND DEFENSE

(Lack of Causation)

105.    Plaintiff's claims fail because Plaintiff cannot show that it has suffered damages

that were actually or proximately caused by Flagstar.

106.    In order to establish a claim, Plaintiff must show that material and continuing

breaches of representations and warranties in the non-charged off loan population have caused it

damages. It will not be able to do so.

107.    Among other things, well over half of the loan population in the two Trusts have

paid-in-full, and the vast majority of the remaining loans are presently performing over five

years after the first securitization. Plaintiff may not claim harm on loans that have been paid-in-

full, or which were originated approximately five years ago, have gone through a significant

economic and broad-ranging downturn and which are nonetheless current in their payments.

Any default now on such loans cannot be attributed to a five-year-old purported breach of a

representation or warranty.

17

108.    Moreover, among other things, the great recession and economic downturn that have been experienced over the past number of years is an intervening and superseding cause of Plaintiff's alleged losses, including on loans that have gone into delinquency and default.  Unless and until Plaintiff can distinguish the effects of the economy on the Trusts' performance, Plaintiff will not have satisfactorily demonstrated causation, and its ability to demonstrate causation is non-existent, especially in light of the relative strength of the Trusts' performance.

109.    Additionally, among other things, Plaintiff conducted significant due diligence prior to its entry into the Transactions.  As a result of its in-depth review and analysis of the loans to be included in the Trusts, it well understood the nature of the collateral that would be included in the Trusts.  To the extent that Plaintiff conducted poor due diligence and/or failed to identify or properly project and quantify risk to itself, and such failures caused Plaintiff's damages, Plaintiff cannot show causation to support its claims.

110.    Additionally, among other things, Plaintiff was one of the primary guaranty insurers of residential mortgage backed securitizations, including securitizations backed by home equity lines of credit, during the housing boom.  In that role, Plaintiff agreed to provide insurance in over one hundred securitization transactions and made significant revenues from playing such a role.  Plaintiff's involvement in this market is well-known and well-publicized, and was much more far ranging than the two securitizations at issue in this matter.  Indeed, Plaintiff's sophistication in this industry was far greater than that of Flagstar, for which the 2005-1 Transaction was its first ever non-agency securitization, and for which the 2006-2 securitization was only its third non-agency securitization (out of a total of four such transactions).  Plaintiff's sophistication with these transactions, its greed for increased revenue, and its internal risk analysis are what caused it to issue insurance in the two Transactions at

18

issue, and by extension, to incur damages in this matter, in particular because it understood, based upon its own comprehensive due diligence prior to the Transactions, the nature of the collateral that would be included in the Trusts.  Plaintiff caused its own damages.

## THIRD DEFENSE

(Statute of Limitations)

111.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FOURTH DEFENSE

(Waiver)

112.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

113.    Among other things, Plaintiff conducted comprehensive due diligence on both the 2005-1 and the 2006-2 Transactions prior to agreeing to insure the Transactions, and had in-depth knowledge of the securitized loan population as well as Flagstar's underwriting, origination and servicing practices and procedures.  Plaintiff's due diligence and ensuing knowledge derogate any claim that Plaintiff failed to understand the collateral included in the Trusts, or that it relied upon Flagstar's representations or warranties as alleged in the Complaint.

114.    Additionally, as described above, as early as 2008, Plaintiff requested and received loan files for charged-off loans from Flagstar.  While Plaintiff subsequently demanded repurchase of some of the charged-off loans, Flagstar replied to Plaintiff's demands with voluminous information and documents which either cured or otherwise rebutted Plaintiff's claims of breach.  As noted above, Plaintiff never responded to Flagstar regarding its submissions.

19

115.    Plaintiff has ignored Flagstar's efforts to rebut and cure and, with in-depth

knowledge of the nature of the collateral going back prior to its entry into the Transactions, has

continued to accept Flagstar's performance under the Transaction Documents in the form of

premium payments.

116.    For these and other reasons, Plaintiff has waived any claims of breach of contract.

## FIFTH DEFENSE

### (Failure to Mitigate Damages)

117.    Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

118.    Among other things, Plaintiff failed to consent to modification of the terms of

loans underlying the Transactions as contemplated by § 3.01(a) of the 2005-1 SSA and 2006-2

SSA.  After the housing market collapse and the resulting rise in delinquent loan payments

across the nation, Flagstar, in its capacity as servicer, repeatedly sought to work with Plaintiff to

modify the terms of delinquent loans and to establish other measures to mitigate potential losses

due to non-payment, which required Plaintiff to consent to modification of the Transaction

Documents.  While Plaintiff internally recognized that such modifications were powerful loss

mitigation tools, Plaintiff failed to cooperate with Flagstar to implement in a timely fashion such

modifications and measures until after Plaintiff terminated Flagstar as servicer and transferred

servicing to another entity.  Plaintiff's delay in permitting meaningful modifications affected

loan performance and caused or increased Plaintiff's purported damages.

## SIXTH DEFENSE

### (Comparative Negligence)

119.    Plaintiff's actions constitute comparative negligence.

120.    Among other things, to the extent that Plaintiff claims that Flagstar Bank acted

with gross negligence in breaching its obligations as Servicer, Plaintiff's claims are barred in

whole or in part by the doctrine of comparative negligence.  Among other things, as detailed

above, Plaintiff negligently failed to cooperate with Flagstar to implement measures that would

have permitted modification of the terms of delinquent loans or to establish other measures to

mitigate potential losses due to non-payment.  Due to Plaintiff's own negligence, Flagstar was

unable to implement meaningful loss mitigation procedures that would have reduced or

eliminated Plaintiff's alleged damages.

**SEVENTH DEFENSE**

(Estoppel)

121.    Plaintiff is barred from recovery by the doctrine of estoppel.  Among other things,

Plaintiff entered into the Transactions with actual knowledge of the underwriting and due

diligence standards that were applied to the underlying loans at issue.  Additionally, among other

things, Plaintiff approved of and applied the underwriting, due diligence and risk assessment

standards so as to increase the number of securitized transactions in which it participated.

**EIGHTH DEFENSE**

(Laches)

122.    Plaintiff is barred from recovery by the doctrine of laches.  Among other things,

Plaintiff entered into the Transactions with actual knowledge of the underwriting and due

diligence standards that were applied to the underlying loans at issue.  Additionally, among other

things, Plaintiff approved of and applied the underwriting, due diligence and risk assessment

standards so as to increase the number of securitized transactions in which it participated.

21

## NINTH DEFENSE

### (Unclean Hands)

123.     Plaintiff's claims fail under the clean hands doctrine.  Among other things, Plaintiff has violated its duty of good faith and fair dealing in refusing to allow Flagstar as servicer to modify loans in the early stages of delinquency in order to maximize recovery on the loans.  The inability to modify delinquent loans has caused injury to Flagstar as the Seller, Sponsor and Servicer of the notes, as well as to the Trusts themselves.   Plaintiff's lack of good faith is demonstrated by its agreement with the current servicer of the loans, which provides for much broader modification rights.

## TENTH DEFENSE

### (Setoff and Payment)

124.     To the extent that Plaintiff has received, is entitled to receive, or expects to receive payments from any other source in connection with its alleged losses, Flagstar's obligation to pay is reduced or eliminated in accordance with those payments.

125.     To the extent it is found liable to Plaintiff (which liability is denied), Flagstar is entitled to all rights of setoff for claim payments and other monies that Plaintiff has received pursuant to the Insurance Policies.

## ELEVENTH DEFENSE

### (Failure of Consideration and Illusory Contract)

126.     To the extent that Plaintiff seeks reimbursement or indemnification of the insurance claims it has paid or will pay in the future, Plaintiff's relief is barred by failure of consideration, and Plaintiff's claim would result in an illusory contract.  Plaintiff seeks to retroactively create an agreement that has no value to Flagstar in contravention of basic contract principles.

## TWELFTH DEFENSE

### (Sole Remedy)

127.    Plaintiff's claims are barred to the extent the contracts between the parties confine

Plaintiff's remedy to the right to request repurchase of individual mortgage loans, as so ordered

by the Court on July 7, 2011.

## THIRTEENTH DEFENSE

### (No Right to Compensatory or Consequential Damages)

128.    Flagstar denies that Plaintiff is entitled to the compensatory and consequential

damages requested in the First Amended Complaint.

## FOURTEENTH DEFENSE

### (No Right to Equitable Relief)

129.    Plaintiff is barred from receiving equitable relief because Plaintiff has an adequate

remedy at law and the parties cannot be returned to the status quo.

## FIFTEENTH DEFENSE

130.    Plaintiff is barred from recovery by its own breach of the Transaction Documents

and inequitable conduct including, but not limited to, Plaintiff's unreasonable and unjustifiable

interpretation of the relevant contractual provisions.

23

WHEREFORE, Flagstar denies that Plaintiff is entitled to judgment or damages in any amount whatsoever and further requests judgment in Flagstar's favor along with costs, fees, and any further and additional relief which the Court deems just and appropriate.

Dated: August 19, 2011
   New York, New York

      ARNOLD & PORTER LLP

      By: /s/ Veronica E. Rendón
        Veronica E. Rendón
        Daniel M. Kuhn
        Monique A. Gaylor
        Mary E. Sylvester
        399 Park Avenue
        New York, New York  10022
        Tel:  (212) 715-1000
        Fax:  (212) 715-1399
        *veronica.rendon@aporter.com*
        *monique.gaylor@aporter.com*
        *daniel.kuhn@aporter.com*
        *mary.sylvester@aporter.com*

        *Attorneys for Defendants Flagstar Bank, FSB,*
        *Flagstar Capital Markets Corporation and Flagstar*
        *ABS, LLC*