

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
ASSURED GUARANTY MUNICIPAL CORP.          :
f/k/a FINANCIAL SECURITY ASSURANCE        :
INC.,                                     :
                                          :
          Plaintiff,                      :
                                          :          11 Civ. 2375 (JSR)
          -v-                             :
                                          :          MEMORANDUM ORDER
FLAGSTAR BANK, FSB; FLAGSTAR CAPITAL      :
MARKETS CORP.; and FLAGSTAR ABS, LLC,     :
                                          :
          Defendants.                     :
------------------------------------------x

JED S. RAKOFF, U.S.D.J.

     On April 1, 2013, the Court issued a Final Judgment in this

case, awarding to plaintiff Assured Guaranteed Municipal Corp.

("Assured") damages and prejudgment interest in the amount of

$106,517,375.36 on its claims that defendants Flagstar Bank,

FSB, Flagstar Capital Markets Corporation, and Flagstar ABS, LLC

("Flagstar") breached contracts with Assured relating to

Flagstar Home Equity Loan Trust 2005-1 and Flagstar Home Equity

Loan Trust 2006-2 (the "Trusts"). See Final Judgment, ECF No.

143 (S.D.N.Y. filed Apr. 2, 2013). The Court also deferred

ruling on the amount of attorneys' fees and costs due to Assured

until after resolution of any appeal to the Second Circuit from

this Judgment, or, if there is no appeal, thirty days after the

expiration of the time to appeal. Id. This Memorandum explains

the Court's reasoning for those determinations and directs the

1

closing of the case (subject to reopening if the issue of attorneys' fees and costs becomes ripe, as indicated supra, or disagreements develop regarding future payments claimed to be due, see infra, or for other sufficient reasons).

The Court's award of damages reflects an updated total that includes additional claims paid by Assured as reflected in its post-trial submissions. In its Findings of Fact and Conclusions of Law ("Findings") filed on February 6, 2013, the Court generally accepted the testimony of Dr. Mason that, had Flagstar repurchased the defective loans at issue in this case, Assured would be reimbursed for all claims it has paid in relation to the Trusts – and that there would have been a substantial "cushion" in each Trust to protect against future claims Assured might have to pay. See Findings at 98-99, ECF No. 135 (S.D.N.Y. filed Feb. 6, 2013). Although the Court rejects Assured's subsequent suggestion that Dr. Mason's testimony regarding this "cushion" is sufficient to support a damages award for what remain undefined and speculative future claim amounts that Assured might have to pay, Dr. Mason's testimony is sufficient to support an updated award of damages to cover those claim payments made between September 25, 2012 (the date of the most recent Trustee reports issued before trial began) and February 25, 2013 (the most recent Trustee reports given to the Court). Even discounting, as the Court did in its Findings, the breach

2

rate asserted by Dr. Mason and Ms. Walzak, see id., there was still ample evidence to support reimbursement for the relatively small amount of new claims paid in the past few months. Given this evidence, the Court need not make any new factual or legal determinations to find that Assured is entitled to damages for claims paid and interest accrued up to the time of the Final Judgment. Accordingly, the Court, in the Final Judgment, awarded Assured damages and interest in the amount reflected in the February 25, 2013 Trustee reports for the two Trusts at issue in this case.

The Court also notes that it has corrected what appears to have been a misconception in its Findings of Fact and Conclusions of Law regarding $950,000 in reimbursements received by Assured. See Findings at 99. It has since been made clear to the Court that the Trustee's reports for these transactions already took into account any reimbursements paid to Assured by the Trustee; that is, the "Reimbursement Still Due to Certificate Insurer" and the "Amounts Drawn Under the Policy for the Notes" are equivalent to the amounts Assured has paid net of the reimbursements it has received. Accordingly, the Final Judgment corrects the Court's prior misunderstanding so that the $950,000 in reimbursements is not counted twice against the damages owed to Assured.

As stated in its Findings of Fact and Conclusions of Law, there is no doubt that Assured is entitled to an award of attorneys' fees and costs under section 3.03(b) of the Insurance and Indemnity Agreements at issue in this case. See Findings at 100-102. However, the Court has determined that the appropriate time to address the amount of the fees and costs to be awarded is at the end of all proceedings - i.e., after all appeal rights have been exhausted. Should Flagstar win on appeal, Assured's claims to attorney's fees would be mooted; should Assured win, the Court can address at that point the total amount of costs claims as well as the reasonableness of its attorney's fees application in light of the work put into not just the prosecution of the case in this Court, but also the efforts required on appeal.  Finally, interest on attorney's fees and costs will run from the date of the Final Judgment, not from the date those fees and costs were accrued.  Thus, the Court rejects Assured's claims to prejudgment interest on its accrued attorney's fees and costs, as Assured made no demand of interest until its post-judgment letter briefing, and no award of costs and fees were "due" under the contract until awarded by the Court. See Pl. Ex. 90 § 3.03(c).

As a final note, as is clear from the Judgment, the Court declines to adopt Flagstar's proposed form of judgment providing for subrogation of Assured's future contractual rights to

4

reimbursement in excess of future claims paid. The Court reaffirms in principle that Assured is not entitled to "double recovery" on its claims paid. See Findings at 97 (quoting Mem. at 20, ECF No. 100 (Sept. 25, 2012)). However, although the Court is sympathetic to Flagstar's desire to obviate the need to resort to further legal proceedings, it would be imprudent for the Court to risk interference with the preexisting contractual rights not only of Assured and Flagstar, but also of the other parties to these transactions whose interests might be inadvertently affected by the terms of such a judgment. Thus, the Final Judgment provides for a sum certain, and it is up to the parties in the first instance to reach a resolution of any future reimbursement issues as they arise, with recourse to this Court if no such resolution can be reached.

For the foregoing reasons, the Court reaffirms the Final Judgment issued on April 1, 2013, and directs the Clerk of the Court to close the case, subject to possible future reopening as appropriate.

Dated: New York, NY
April 12, 2013

_____
JED S. RAKOFF, U.S.D.J.

5